18

United States District Court
Southern District of Texas
ENTERED
JUL 24 1998
Michael N. Milby, Clerk of Court
By Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
FILED
JUL 24 1998
Michael N. Milby, Clerk

NORMA LINDA LOPEZ, Individually *

And Next Friend of JASMINE LOPEZ *
And on Behalf of the Estate of *
ROBERT LOPEZ

And MARIA GUADALUPE LEAL LOPEZ *

VS                                  *  C.A. NO. B97 141

GENERAL MOTORS CORPORATION          *

---

NORMA LINDA LOPEZ, Pro Se

HARTLINE, DACUS, DREYER & KERN (Kyle H. Dreyer & Brian K. Gary) and RODRIGUEZ, COLVIN & CHANEY (Eduardo R. Rodriguez & Alison K. Kennamer), Attorneys for Defendant

---

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Before this Court is Defendant's Motion for Summary Judgment and Plaintiffs' failure to respond to same. The Honorable Filemon B. Vela, District Judge, having jurisdiction over the above-styled and numbered proceeding, has directed this Court to consider the matter and filed a report and recommendation herein.

2

This Court has considered Defendant's Motion in light of the record and the applicable law and is of the opinion that said Motion should be granted. In support of the aforementioned conclusion, this Court files the following findings of fact and conclusions of law.

## Findings of Fact

1. This lawsuit arises from a violent collision involving a 1989 Chevrolet pickup truck ("the pickup") and a 1980 Oldsmobile sedan which occurred on or about May 26, 1995, near Harlingen, Texas.

2. The accident occurred when the driver of the pickup, ROBERT LOPEZ (LOPEZ), lost control of the pickup and drove the pickup up onto a guardrail.

3. After coming off the guardrail, the pickup hit the Oldsmobile sedan causing the sedan to turn over.

4. At some point after the collision, the pickup caught fire. LOPEZ died as a result of the accident.

5. Wrongful death claims have been brought by NORMA LINDA LOPEZ, the wife of ROBERT LOPEZ, individually and on behalf of The estate of ROBERT LOPEZ, JASMINE LOPEZ, the daughter of ROBERT LOPEZ, individually, and by MARIA

GUADALUPE LEAL LOPEZ, the mother of ROBERT LOPEZ, individually (hereinafter collectively Plaintiffs). Plaintiffs bring claims under strict liability, negligence and breach of warranty.

6. Plaintiffs allege that some defect with the pickup caused the death of ROBERT LOPEZ. Plaintiffs have made no specific allegations of defect or causation.

7. Plaintiffs have not fully and completely responded to discovery propounded over ten (10) months ago.

8. There have been numerous motions to date, including Motions to Compel, Motions to Dismiss, and repeated status conferences regarding Plaintiffs' failure to respond adequately to discovery.

9. Plaintiffs have not provided any evidence of any alleged defect with the pickup or any expert testimony on this issue.

## Conclusions of Law

1. A movant is entitled to summary judgment when a nonmovant does not or cannot come forward with competent evidence of an essential element on which it has the burden of proof. Lujan v. National Wildlife Fed'n, 497 U.S. 871,

                                                                    4

110 S.Ct 3177 (1990); <u>Amoco Canada Petroleum Co., Ltd. v. Wild Well Control, Inc.</u>, 889 F.2d 585,588 (5th Cir. 1989).

2. In order to recover under a strict liability theory under Texas Law, Plaintiffs must prove that a defect in the product as designed, manufactured, or marketed rendered the product unreasonably dangerous at the time it left the possession and control of the supplier. <u>See</u> RESTATEMENT (SECOND) OF TORTS § 402A (1965); <u>Lucas v. Texas Industries</u>, 696 S.W.2d 372 (Tex. 1984); <u>Armstrong Rubber Co. v. Urquidez</u>, 570 S.W.2d 374 (Tex. 1978). Plaintiffs must also prove that the defective product was the producing cause of injury. <u>Syrie v. Knoll International</u>, 748 F.2d 304, 306 (5th Cir. 1984).

3. Under a negligence theory, Plaintiffs must produce evidence that a specific act of negligence proximately caused the alleged harm. <u>Syrie v. Knoll International</u>, 748 F.2d 304, 306 (5th Cir. 1984); <u>O'Neal v. Sherck Equipment Co.</u>, 751 S.W.2d 559 (Tex. App.--Texarkana 1988, no writ); <u>see also</u> <u>Coca-Cola Bottling Co. of Houston v. Hobart</u>, 423 S.W.2d 118 (Tex. Civ. App.--Houston [14th District] 1967, writ ref'd n.r.e.).

4.  Under a breach of implied warranty of merchantability, Plaintiffs must prove a defect, meaning a condition of the product that rendered it unfit for the ordinary purposes for which it is to be used because of a lack of something necessary for adequacy. <u>Plas-Tex v. U.S. Steel</u>, 772 S.W.2d 442 (Tex. 1989).

5.  Texas law provides that because of the complex issues involved in product liability actions, expert testimony is usually required to establish a claim. <u>Lujan v. Tampo Mfg. Co., Inc.</u>, 825 S.W.2d 505 (Tex. App.--El Paso, 1992, no writ; <u>Selig v. BMW of North America, Inc.</u>, 832 S.W.2d 95 (Tex. App.--Houston [4th Dist.] 1992, no writ); <u>Allen Roddes Lumber and Veneer Co.</u>, 796 S.W.2d 758 (Tex. App.--Corpus Christi 1990, writ denied).

6.  Plaintiffs have not, as a matter of law, demonstrated a defect existed in the 1989 Chevrolet pickup at the time it left GENERAL MOTORS' possession or provided any other evidence to the Court in support of any of their claims. Accordingly, Plaintiffs have presented no evidence sufficient to raise a fact issue on the issue of defect

or in support of their claims, and Plaintiffs have not met their burden in responding to the Motion for Summary Judgment.

Because of the foregoing, this Court respectfully recommends that Defendant's Motion for Summary Judgment be **granted** and this cause of action be **dismissed with prejudice**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 24th day of July, 1998.

_____
Fidencio G. Garza, Jr.
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

NORMA LINDA LOPEZ, Individually *

And Next Friend of JASMINE LOPEZ *
And on Behalf of the Estate of   *
ROBERT LOPEZ

And MARIA GUADALUPE LEAL LOPEZ   *

VS                               *   C.A. NO. B97 141

GENERAL MOTORS CORPORATION       *

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

Before the Court is the Magistrate Judge's Report and Recommendation on the above-referenced cause of action. After a de novo review of the entire file, it is the opinion of this Court that the Magistrate Judge's Report and Recommendation should be adopted.

It is therefore ORDERED, ADJUDGED, and DECREED that the Defendant's Motion for Summary Judgment be **GRANTED** and this cause of action be **DISMISSED WITH PREJUDICE**.

DONE at Brownsville, Texas, this _____, day of _____, 1998.

Filemon B. Vela
United States District Judge